IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING

| | |
|---|---|
| THE OHIO COUNTY COAL COMPANY,<br>MURRAY AMERICAN RIVER TOWING, INC.,<br>MURRAY AMERICAN TRANSPORTATION, INC., and<br>MON RIVER TOWING, INC.,<br><br>       *Plaintiff*<br><br>v.<br><br>BELLAIRE HARBOR SERVICE, LLC,<br><br>       *Defendant.* | ELECTRONICALLY FILED<br>Mar 15 2019<br>U.S. DISTRICT COURT<br>Northern District of WV<br><br>Civil Action No. 5:19-CV-36 (Bailey) |

## COMPLAINT FOR DAMAGES UNDER PERSONAL CONTRACT

THE OHIO COUNTY COAL COMPANY, MURRAY AMERICAN RIVER TOWING, INC. ("MART"), MURRAY AMERICAN TRANSPORTATION, INC. ("MATI"), AND MON RIVER TOWING, INC. ("MRT") (collectively "Plaintiffs"), by and through their undersigned counsel, hereby brings the following action against BELLAIRE HARBOR SERVICE, LLC, stating as follows:

### Introduction

1. This is a claim for relief within the admiralty or maritime jurisdiction of the court within the meaning of FRCP 9(h) in that barges were damaged while on the navigable waters of the United States.

### The Parties and Incident Background

2. The Ohio County Coal Company operates a coal mine and barge facility at mile 93.7 on the West Virginia side of the Ohio River (the "OCCC Facility").

3. Across from the OCCC Facility is Boggs Island and along its shore are two fleeting facilities owned by defendant Bellaire Harbor Service, consisting of the Upper and Lower Boggs Island fleets.

4. The Ohio County Coal Company arranged with affiliated companies to load coal onto river barges which were placed in the Bellaire Harbor Service's fleeting facilities at Boggs Island.

5. More specifically, Ohio County Coal Company arranged to load coal onto the subject barges owned and/or chartered by MART, MATI, and/or MRT which were then placed in Bellaire Harbor Service's Boggs Island fleets.

6. As the subject barges had been transferred to Ohio County Coal Company at the time of the barge breakaway at issue, Ohio County Coal Company was the owner *pro hac vice* of said barges.

7. On January 13, 2018, as discussed in more detail below, there was a barge breakaway resulting in substantial damage to Ohio County Coal's barges being fleeted at Bellaire Harbor Service's Boggs Island fleeting facility which are designated as follows: PCC 156, 159, 187, 802, 818, 849, 971, and MRT 1023, 1030, 1954, 1956, 1965, 1966, 2026, 2042, 9036, 9202.

8. Plaintiffs' damages suffered are currently estimated to be in excess of $1,280,000 with investigation continuing and total damages not yet fully ascertained.

*The Fleeting Agreement*

9. The Ohio County Coal Company entered into a Towing and Fleeting Agreement ("Fleeting Agreement") with Bellaire Harbor Service, LLC; the Fleeting Agreement was effective between January 1, 2015 and December 31, 2018. *See* **Exhibit A, Towing and**

**Fleeting Agreement**.

10. Venue and jurisdiction is proper in this Court as the Fleeting Agreement is governed and construed according to general maritime and admiralty law. *See* Exhibit A at pg. 4. This Court has jurisdiction of these claims subject to Admiralty and Maritime Law.

11. The Fleeting Agreement provided, in relevant part, for Ohio County Coal Company to use Bellaire Harbor Service's barge fleeting services with respect to Ohio County Coal's loaded and/or empty Barges on the Upper Ohio River. *Id.* at p. 1.

12. Pursuant to the Fleeting Agreement, Bellaire Harbor Service was to provide Ohio County Coal with exclusive use of and access to a minimum of 25 barge fleeting spaces at Boggs Island Harbor ("Boggs Island"). *See* Exhibit A at pg. 1. As expressly specified in the Fleeting Agreement, such Barges included barges owned by Ohio County Coal or owned by other third parties and under Ohio County Coal's control. *Id*.

### Other Pertinent Provisions

13. The Fleeting Agreement between Ohio County Coal and Bellaire Harbor Service also included a number of additional provisions pertinent to this action, including an insurance provision, express bailment provision, and an indemnification provision.

14. Pursuant to the Fleeting Agreement's insurance provision, Bellaire Harbor Service was obligated to procure the insurance coverages explicitly identified in the Fleeting Agreement, including hull coverage for Ohio County Coal barges and wharfingers coverage, and Bellaire Harbor Service was required to name Ohio County Coal as an additional insured on all of the insurance coverages and waive subrogation against Ohio County Coal. *See* Exhibit A at p. 3.

15. The Fleeting Agreement contained the following express bailment agreement:

> Notwithstanding any other terms or provisions in this agreement, Tower [Bellaire Harbor Service] shall be responsible for any loss of or damage to Tenderer's barges, ordinary wear and tear excluded, which occurs during any period in which (i) the barges are under Tower's care, custody, and control or (ii) the barges are fleeted at Lower Mail Pouch or Boggs Island fleeting spaces.

*See* Exhibit A at pg. 3.

16. The parties' Fleeting Agreement also contained the following indemnity and hold harmless provision:

> Each party agrees to indemnify and save the other harmless from and against any losses, liabilities, costs, expenses, suits, actions, claims and all other obligations and proceedings whatsoever, including without limitation, all judgments rendered against, and all fines and penalties imposed upon the other party and any reasonable attorney's fees and any other cost of litigation arising out of injuries to persons including death, damage to property to the extent caused by the negligence, willful misconduct or breach of this Agreement by such party and/or its agents.

*See* Exhibit A at pg. 4.

### *January 13, 2018 Barge Breakaway*

17. On the evening of January 12, 2018, the Ohio County Coal Company had a number of loaded and empty barges moored in Bellaire Harbor Service's Boggs Island fleets.

18. During the early morning hours of January 13, 2018, a tug called the M/V Louise S (owned by a third party, Campbell Transportation, completely unrelated to the parties in this action) and her tow were tied off on the riverside of Bellaire Harbor Service's Upper Boggs Island fleet without permission from Ohio County Coal.

19. When the Louise S and her tow broke away, the breakaway barges from Louise S's tow caused multiple loaded and unloaded barges to break away from the Lower Boggs Island fleet, causing substantial damages to Ohio County Coal's barges and other property.

20. No vessel owned, chartered, or otherwise operated by Bellaire Harbor Service

was involved in the subject barge breakaway of January 13, 2018.

## COUNT I
### *Breaches of Contract*

21. Ohio County Coal restates and incorporates its factual allegations above into this Count and states the following:

22. Under the plain terms of the Fleeting Agreement, Bellaire Harbor Service was required to procure and maintain a variety of insurance coverages, including hull and wharfingers coverages, and to name Ohio County Coal as an additional insured. *See* Exhibit A at pg. 3.

23. Bellaire Harbor Service breached the terms of the Fleeting Agreement by failing to procure and maintain the required insurance coverages, including hull and wharfingers coverages.

24. Bellaire Harbor Service also breached the Fleeting Agreement by failing to name Ohio County Coal as an additional insured under the required insurance coverages, including hull and wharfingers coverages.

25. The Fleeting Agreement further contains an express indemnity and hold harmless provision that includes reasonable attorneys' fees and any other cost of litigation arising out of damage to property or breach of the Fleeting Agreement. *See*, Exhibit A at p. 4.

26. Bellaire Harbor Service's breach of the Fleeting Agreement by its failure to procure the required insurance coverages, and naming Ohio County Coal as an additional insured, has resulted in collateral litigation and forced Ohio County Coal to incur substantial and continuing attorneys' fees, costs, and expenses arising from the January 13, 2018 barge breakaway.

27. If Bellaire Harbor Service had procured the contractually-required insurance

coverages and named Ohio County Coal as an additional insured as it was obligated to do, then Ohio County Coal Company would have pursued a first-party insurance claim under the insurance coverages, without the need to participate in expensive and ongoing collateral litigation.

28. Ohio County Coal Company therefore seeks additional damages from Bellaire Harbor Service based on the contractual indemnity and hold harmless provision in the Fleeting Agreement for the reasonable attorneys' fees and other litigation costs arising from the January 13, 2018 barge breakaway, as well as Bellaire Harbor Service's breach of the Fleeting Agreement as outlined in this complaint.

29. Bellaire Harbor Service's breaches of the personal contract have resulted in substantial and continuing damages to Ohio County Coal.

WHEREFORE, Plaintiffs hereby demand compensatory damages, prejudgment interest, attorneys' fees, and expenses and such other and further relief as the Court deems just and proper.

## COUNT II
### *Breach of Express Bailment*

30. Ohio County Coal restates and incorporates its factual allegations above into this Count and states the following:

31. Notwithstanding any other terms or provisions in the Fleeting Agreement, Bellaire Harbor Service is liable as bailee, pursuant to the express bailment provision in the Fleeting Agreement.

32. Specifically, Bellaire Harbor Service is responsible for the loss or damage to Ohio County Coal's barges when either (1) the barges are under Bellaire Harbor Service's care, custody, and control; or (2) the barges are fleeted at the Boggs Island fleeting spaces. *See* Exhibit

A at pg. 3.

33. Bellaire Harbor Service, the operator of the Boggs Island fleeting facility and bailee, had the responsibility of caring for subject barges in its custody and ensuring that vessels were adequately moored to the fleeting facility at all times.

34. As bailee of the Ohio County Coal barges and the fleeter responsible for all vessels at the Boggs Island fleeting facility, Bellaire Harbor Service bears responsibility for the damages caused by the January 13, 2018 barge breakaway.

35. As bailee for the Ohio County Coal barges and the fleeter for the Boggs Island fleeting facility, Bellaire Harbor Service is responsible and liable for the barges under Bellaire Harbor Service's care, custody, and control.

36. Pursuant to the express terms of the Fleeting Agreement, Bellaire Harbor Service is responsible for the loss and damages to Ohio County Coal's barges because the barges were fleeted at the Boggs Island fleeting spaces at the time of the January 13, 2018 barge breakaway. *See* Exhibit A at pg. 3.

37. Bellaire Harbor Service is also liable for ensuring that the M/V Louise S was adequately moored at the time of the subject barge breakaway and/or for allowing the Louise S and her tow to tie off at the Upper Boggs Island fleet without permission from Ohio County Coal.

WHEREFORE, Plaintiffs hereby demand compensatory damages, prejudgment interest, attorneys' fees, and expenses and such other and further relief as the Court deems just and proper.

                BENESCH FRIEDLANDER COPLAN &
                ARONOFF, LLC


By:   /s/ Joseph R. Blalock
       Joseph R. Blalock
       44 15th Street, Suite 2
       Wheeling, WV 26003
       614-223-9359
       614-223-9330 (Fax)
       jblalock@beneschlaw.com

       AND

       SANDBERG PHOENIX & von GONTARD P.C.

       John S. Sandberg #22664MO
       (Pro Hac Vice Motions Forthcoming)
       Casey F. Wong #62258MO
       (Pro Hac Vice Motions Forthcoming)

       600 Washington Avenue - 15th Floor
       St. Louis, MO  63101-1313
       314-231-3332
       314-241-7604 (Fax)
       jsandberg@sandbergphoenix.com
       cwong@sandbergphoenix.com

       *Attorneys for Plaintiffs*